NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2009
Decided June 23, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2761

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> MARTIN V. ELLIOTT, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Eastern District of Wisconsin. <br><br> No. 07-CR-319-001 <br><br> J.P. Stadtmueller, <br> *Judge.* |

**O R D E R**

Martin Elliott pleaded guilty to one count of possessing a firearm as a convicted felon. *See* 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He received a sentence of 110 months' imprisonment. Elliot has appealed, but his appointed counsel sees no potentially meritorious issues for appeal and therefore seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We invited Elliott to comment on counsel's motion, *see* CIR. R. 51(b), but he did not respond, so we review only the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Counsel informs us that Elliott does not wish to withdraw his guilty plea, so counsel appropriately

avoids any analysis of the voluntariness of the plea or the adequacy of the colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Elliott was a parolee from the custody of the Wisconsin Department of Corrections when he absconded from supervision. Several months later, Wisconsin authorities charged Elliott with committing an armed robbery and issued an arrest warrant. Milwaukee police officers soon thereafter found Elliott driving his car, stopped him, and caught him with a loaded handgun and crack cocaine. Elliott pleaded guilty, under a plea agreement, to one count of being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2).

A probation officer prepared a presentence report that calculated an offense level of 25 based on a base offense level of 24, *see* U.S.S.G. § 2K2.1(a)(2), plus four points for possessing a firearm in connection with another felony offense, *id.* § 2K2.1(b)(6), less a three-point reduction for acceptance of responsibility, *id*. § 3E1.1(a) and (b). The officer also calculated 15 criminal history points, which yielded a criminal history category of VI. At sentencing, Elliott did not object to any of the calculations in the PSR. Based on an offense level of 25 and a criminal history category of VI, the court calculated a guidelines range of 110 to 137 months, which was capped at 120 months by the statutory maximum. After the court considered the seriousness of the firearms offense , *see* 18 U.S.C. § 3553(a)(2)(A), the need for deterrence given Elliot's long criminal history, *see id.* § 3553(a)(2)(B), and the need to protect the public, *see id.* § 3553(a)(2)(C), it sentenced Elliott to 110 months, consecutive to his Wisconsin state sentence.

We agree with counsel that any challenge to Elliott's sentence would be frivolous. As counsel points out, because Elliot waived objections to the PSR, there is no non-frivolous challenge that Elliott could make to either his criminal history category or offense level calculations. We also agree with counsel that any challenge to the reasonableness of Elliott's sentence would be futile. Elliott's sentence, at the bottom guidelines range, is presumptively reasonable, *Rita v. United States*, 551 U.S. 338 (20087), *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2008), and the district court properly considered Elliott's sentence in light of the factors in 18 U.S.C. § 3553(a), *see United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005).

We therefore GRANT counsel's motion to withdraw and DISMISS Elliott's appeal.